[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield County, Docket No. CR90-52183-T.
Dennis P. Harrigan, Esq. Defense Counsel for Petitioner
Jonathan Benedict, Esq. Counsel for State of Connecticut
The petitioner was convicted after a trial by jury of the crime of murder in violation of 53a-54a(a) of the Conn. General Statutes. The court imposed a sentence of 45 years to serve.
The record demonstrates that on May 31, 1990, at approximately 4 P.M. the victim entered Lugo's Market at 1325 Pembroke Street, Bridgeport, and proceeded to the rear of the store to select an item for purchase. Immediately thereafter the petitioner entered the store, proceeded to the rear and the witnesses heard three gun shots. The petitioner then walked out of the store. The victim expired shortly thereafter from gunshot wounds to the chest and two to the back. CT Page 7923
At the hearing counsel for the petitioner argued for a reduction of sentence and opined that the sentence should be in the area of the minimum of 25 years to serve. Counsel cited that the petitioner was a high school graduate who had no criminal record other than a youthful offender adjudication. Counsel claimed this incident was isolated, that the petitioner himself had been wounded by gunshots previously and that the petitioner claimed another was in the store and apparently inflicted the fatal wounds and not petitioner. Counsel indicated that the petitioner had planned to continue his education and could be a productive citizen in society.
Counsel for the State indicated that there had been a prior altercation between the victim and the petitioner and that the petitioner stalked the victim into the store and shot the victim and that the victim was unarmed. Counsel indicated that the petitioner was on a youthful offender probation at the time of this incident for the underlying offense of Carrying a Pistol Without a Permit.
The petitioner indicated at the hearing that at the time of the incident he had many things going for him including a scholarship. Petitioner indicated many of his plans were scuttled when he was shot in the back in a previous incident. Petitioner indicated he is continuing his education in prison and that he still aspires to make himself a productive member of society.
A review of the sentencing comments by the court includes the court's conclusion that the act was a "deliberate ambush of a victim." The court commented on the serious nature of the offense and on the deterrence element of sentencing and stressed that "vigilanteism [vigilantism], self-help, or just plain revenge is not an appropriate act by any law abiding citizen . . . .;"
The Review Division is without authority to modify sentences except in accordance with the provisions of PB 942 and 51-194 et seq.
When reviewing the record as a whole, the Division finds that the sentencing courts actions were in accordance with the parameters of PB 942. The sentence imposed was neither inappropriate or disproportionate.
The sentence is affirmed. CT Page 7924
Purtill, J.
Klaczak, J.
Miano, J.
Purtill, J., Klaczak, J. and Miano, J. participated in this decision.